E-FILED
Tuesday, 14 June, 2022  08:19:54 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND,<br>CENTRAL LABORERS' WELFARE FUND,<br>CENTRAL LABORERS' ANNUITY FUND,<br>ILLINOIS LABORERS' & CONTRACTORS<br>JOINT APPRENTICESHIP TRAINING FUND,<br>CENTRAL ILLINOIS LABORERS-EMPLOYERS<br>COOPERATION AND EDUCATION TRUST,<br>MIDWEST REGION FOUNDATION FOR<br>FAIR CONTRACTING, CENTRAL ILLINOIS<br>BUILDERS INDUSTRY ADVANCEMENT<br>FUND, SOUTHERN AND CENTRAL ILLINOIS<br>LABORERS VACATION FUND, LABORERS'<br>LOCAL 477 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
|           Plaintiffs, | ) ) | |
| v. | ) ) | No.     22-3103 |
| B.O.N.E., LLC | ) ) ) | |
|           Defendant. | ) | |

## COMPLAINT

NOW COMES plaintiffs, CENTRAL LABORERS' PENSION FUND *et al*., by their attorneys, CAVANAGH & O'HARA LLP, complaining of the defendant, B.O.N.E., LLC, and allege as follows:

## Introduction

1.     This is a civil action brought under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA"), to collect delinquent contributions and other amounts the

defendant is obligated to pay to the plaintiffs under the terms of applicable collective bargaining agreements, the plaintiffs' respective trust agreements, and applicable provisions of ERISA and the LMRA.

## Parties

2.      Plaintiff Central Laborers' Pension Fund (the "Pension Fund") provides retirement and other benefits to the employees of participating employers who pay fringe benefit contributions to the Pension Fund on behalf of their employees.

3.      Plaintiff Central Laborers' Welfare Fund (the "Welfare Fund") provides welfare and other benefits to the employees of participating employers who pay fringe benefit contributions to the Welfare Fund on behalf of their employees.

4.      Plaintiff Central Laborers' Annuity Fund (the "Annuity Fund") provides retirement and other benefits to the employees of participating employers who pay fringe benefit contributions to the Annuity Fund on behalf of their employees.

5.      Plaintiffs Illinois Laborers' & Contractors Joint Apprenticeship Training Fund (the "Training Fund") provides training and other benefits to the employees of participating employers who pay fringe benefit contributions to the Training Fund on behalf of their employees.

6.      Plaintiffs Central Illinois Laborers-Employers Cooperation and Education Trust, Midwest Region Foundation For Fair Contracting, Central Illinois Builders Industry Advancement Fund, Southern and Central Illinois Laborers Vacation Fund are either multi-employer plans, labor-management committees, and/or plans established pursuant to collective bargaining agreements between Laborers' International Union of North America ("Union") and certain employer associations whose employees are covered by the collective bargaining agreements with the Union.

7.     Plaintiff Laborers' Local 477 is a labor organization associated with the Laborers' International Union of North America (the "Local Union").

8.     The Pension Fund collects and administers fringe benefit contributions and related amounts owed to the other plaintiffs under applicable collective bargaining agreements, including dues owed to Laborers' Local 477.

9.     B.O.N.E., LLC ("Defendant") is an Illinois corporation registered to do business in Illinois, with a principal office located at 1124 East South Grand Ave., Springfield, Illinois.

## Jurisdiction

10.     This court has jurisdiction over this case pursuant to Section 502(e)(1) of ERISA because federal district courts have exclusive jurisdiction under ERISA over civil actions cases like the present action (*see* 29 U.S.C. §1132(e)(1)).

11.     This Court also has jurisdiction of this case pursuant to Section 301(a) of the LMRA, which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties (s*ee* 29 U.S.C. §185(a)).

12.     To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

## Venue

13.     Venue for civil cases like the present case is proper in a federal district court where the breach took place, where a defendant resides or may be found, or where the employee benefit plan is administered (*see* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

14.     Venue for civil cases like the present case is proper in any federal district court having jurisdiction of the parties (*see* §301(a) of LMRA, 29 U.S.C. §185(a)).

15.     Venue is proper in this court because plaintiff Central Laborers' Pension Fund's plan is administered in Jacksonville, Illinois, which is located within the venue of the District Court for the Central District of Illinois, Springfield Division. Venue is further proper in this court because the defendant's principal office is located in Springfield, Illinois, which is located within the venue of the District Court for the Central District of Illinois, Springfield Division.   Finally, venue is proper in this court because this court has jurisdiction over the parties.

## Factual Allegations

16.     The Pension Fund, Welfare Fund, Annuity Fund, Training Fund are all administered pursuant to the terms and provisions of agreements and declarations of trust, as amended and restated (the "Trust Agreements").

17.     A copy of pertinent provisions of the Trust Agreements are attached hereto as Exhibits "A" (Pension Fund and Annuity Fund), Exhibit "B" (Welfare Fund), and Exhibit "C" (Training Fund), all of which are fully incorporated herein and made a part hereof by this reference.

18.     Defendant is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

19.     Defendant is a party to or otherwise bound by a written participation agreement titled "Central Laborers' Pension, Welfare & Annuity Funds Construction Industry Participation Agreement" that was executed on February 10, 2016 (the "Participation Agreement").

20     A copy of the Participation Agreement is attached hereto as Exhibit "D" and fully incorporated herein and made a part hereof by this reference.

21.     Defendant is a party to or otherwise bound by a written collective bargaining agreement titled "Articles of Agreement Covering Building Construction with Laborers' Local 159, Decatur, IL, Laborers' Local 477, Springfield, IL, Laborers' Local 703, Urbana, IL of the

Southern & Central Illinois Laborers' District Council and Central Illinois Builders of ACG"
covering the time period of May 1, 2015 through April 30, 2018, that was executed on February
10, 2016 (the "Collective Bargaining Agreement").

22.     A copy of the Collective Bargaining Agreement is attached hereto as Exhibit "E"
and fully incorporated herein and made a part hereof by this reference.

23.     Defendant performed work covered by the Collective Bargaining Agreement at
various times during the period of February 10, 2016 through December 31, 2016.

24.     Defendant has employed individuals who are members of, and represented by, the
Local Union during the period of February 10, 2016 through December 31, 2016.

25.     Defendant employed individuals who are participants in the employee benefit plans
administered by the Pension Fund, Welfare Fund, Annuity Fund, Training Fund and other
applicable named plaintiffs during the period of February 10, 2016 through December 31, 2016.

26.     Defendant is bound by the Trust Agreements pursuant to the Participation
Agreement.

27.      Defendant is required under the Collective Bargaining Agreement, Participation
Agreement and Trust Agreements to pay contributions to plaintiffs for each hour of work
performed by its employees each month that is covered under the Collective Bargaining
Agreement.

28.      Defendant is required under the Collective Bargaining Agreement and
Participation Agreement to pay "check-off" dues based upon each hour of work performed and
"working dues" as a percentage of wages earned by its employees each month for work that is
covered under the Collective Bargaining Agreement.

29.     Defendant is required under the Collective Bargaining Agreements, Participation

Agreement and Trust Agreements to prepare and submit completed contribution reporting forms to the plaintiffs, on a monthly basis, which provide the information needed in order to accurately assess the contributions and other amounts due and payable by defendant to the plaintiffs ("Monthly Reports").

30.    Defendant is required under the Participation Agreement and applicable Trust Agreements to prepare and submit completed Monthly Reports, along with the appropriate payments, to the plaintiffs on or before the 15th day of the calendar month following the month in which the contributions and other amounts accrued.

31.    If the plaintiffs do not receive the Monthly Reports with the appropriate payments by the 15th day of each month, then defendant is delinquent in reporting information and paying contributions to the plaintiffs.

32.    Defendant is required under the Participation Agreement and Trust Agreements to permit the plaintiffs and their agents to conduct audits of payroll and related records in order to determine if contributions and other amounts have been properly paid pursuant to the collective bargaining agreements and trust agreements.

33.    Plaintiffs engaged a certified public accounting firm to examine the payroll books and records of the defendant (the "accounting") for the period of February 1, 2016 through June 30, 2018 (the "accounting period"), to determine whether defendant complied with its obligations to pay the contributions and other amounts to the plaintiffs as required under the plaintiffs' trust agreements and the collective bargaining agreements.

34.    A copy of the accounting is attached hereto and fully incorporated herein as Exhibit "F".

35.    The accounting determined that defendant employed and paid individuals who are

members of the Local Union and participants in the employee benefit plans administered by the Pension Fund, Welfare Fund, Annuity Fund, Training Fund and other applicable named plaintiffs.

36.     The accounting determined that defendant was delinquent in reporting information and paying contributions and other amounts to the plaintiffs during period of February 10, 2016 through December 31, 2016.

37.     The audit determined that defendant was delinquent in reporting hours and paying contributions to the Pension Fund totaling $2,017.13.

38.     The audit determined that defendant was delinquent in reporting hours and paying contributions to the Welfare Fund totaling $1,108.82.

39.     The audit determined that defendant was delinquent in reporting hours and paying contributions to the Annuity Fund totaling $496.48.

40.     The audit determined that defendant was delinquent in reporting hours and paying contributions to the Training Fund totaling $140.80.

41.     The audit determined that defendant was delinquent in reporting hours and paying contributions to the Central Illinois Laborers-Employers Cooperation and Education Trust totaling $45.76.

42.     The audit determined that defendant was delinquent in reporting hours and paying contributions to the Midwest Region Foundation For Fair Contracting totaling $17.60.

43.     The audit determined that defendant was delinquent in reporting hours and paying contributions to the Central Illinois Builders Industry Advancement Fund totaling $26.41.

44.     The audit determined that defendant was delinquent in reporting hours and paying contributions to the Southern and Central Illinois Laborers Vacation Fund totaling $528.00.

44.     The audit determined that defendant was delinquent in paying check-off dues

totaling $184.81.

45.     The audit determined that defendant was delinquent in paying working dues totaling $176.30.

46.     The audit determined in total that defendant was delinquent in paying contributions and dues to the plaintiffs in the sum of $4,742.11, consisting of contributions totaling $4,381.00 and dues totaling $361.11.

47.     Plaintiffs believe that defendant may have just and applicable credits totaling up to $3,022.22 for certain reporting errors.

<u>**COUNT I**</u>
<u>**Violation of §515 of ERISA [29 U.S.C. §1145]**</u>

1-47.    Plaintiffs, Central Laborers' Pension Fund, Central Laborers' Welfare Fund, Central Laborers' Annuity Fund, and Illinois Laborers' & Contractors Joint Apprenticeship Training Fund, re-assert and re-allege paragraphs 1 through 38 above as paragraphs 1 through 38 of Count I as if fully set forth herein.

48.     §515 of ERISA [29 U.S.C. §1145], provides "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

49.     Defendant violated its statutorily-mandated obligation under §515 of ERISA to timely pay fringe benefit contributions and other amounts to plaintiffs based upon the findings of the accounting.

50.     Defendant owes the plaintiffs contributions in the amount of $3,763.23, minus any just and applicable credits, for hours of work performed by its employees over the period of

February 10, 2016 through December 31, 2016.

51.    Plaintiffs demanded that defendant pay plaintiffs the unpaid contributions owed, but defendant has refused to pay these contributions to the plaintiffs.

52.    §502(g)(2) of ERISA [29 U.S.C. 1132(g)(2)] provides as follows:

"(g)    Attorney's fees and costs; awards in actions involving delinquent contributions

*          *          *

(2)    In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

(A)    the unpaid contributions,

(B)    interest on the unpaid contributions,

(C)    an amount equal to the greater of –

(i)    interest on the unpaid contributions, or

(ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26."

53.     Plaintiffs are entitled under §502(g)(2) of ERISA to a mandatory award of the unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees and costs, and costs of the accounting.

WHEREFORE, plaintiffs pray as follows:

A.      That judgment is entered in favor of plaintiffs, Central Laborers' Pension Fund, Central Laborers' Welfare Fund, Central Laborers' Annuity Fund, and Illinois Laborers' & Contractors Joint Apprenticeship Training Fund, and against defendant, B.O.N.E., LLC, in the sum of $3,763.23, minus any just and applicable credits, plus all other amounts determined to be due and owing to plaintiffs at the time judgment is entered, including without limitation fringe benefit contributions, dues, liquidated damages, interest, accounting costs, and attorneys' fees and costs;

B.      That defendant is decreed to pay to the plaintiffs their reasonable attorneys' fees and costs;

C.      That defendant is decreed to pay all costs attendant to these proceedings; and

D.      That plaintiffs are awarded, at defendant's cost, such further and other relief as may be available under ERISA, or as is otherwise just and equitable.

## COUNT II
## Breach of Written Agreements

1-36.   Plaintiffs, Central Laborers' Pension Fund, Central Laborers' Welfare Fund, Central Laborers' Annuity Fund, and Illinois Laborers' & Contractors Joint Apprenticeship Training Fund, re-assert and re-allege paragraphs 1 through 36 of Count I as paragraphs 1 through 36 of Count II as if fully set forth herein.

37.     Defendant breached the terms of the Collective Bargaining Agreement,

Participation Agreement and Trust Agreements by failing to timely pay fringe benefit contributions and other amounts to plaintiffs based upon the findings of the accounting.

38.     Defendant owes the plaintiffs contributions in the amount of $4,381.00, minus applicable credits of $3,022.22, for hours of work performed by its employees over the period of February 10, 2016 through December 31, 2016.

39.     Plaintiffs demanded that defendant pay plaintiffs the unpaid contributions owed, but defendant has refused to pay these contributions to the plaintiffs.

40.     Pursuant to applicable terms of the Participation Agreement and Trust Agreements, defendant owes interest on unpaid contributions and, additionally, liquidated damages equal to 10% of the unpaid contributions or twenty-five dollars, whichever is greater.

41.     Pursuant to applicable the terms of the Participation Agreement and Trust Agreements, defendant owes the audit costs incurred by the plaintiffs in performing the payroll audit.

42.     Pursuant to applicable terms of the Participation Agreement and Trust Agreements, the defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the plaintiffs in the collection of the unpaid contributions.

WHEREFORE, plaintiffs pray as follows:

A.     That judgment is entered in favor of plaintiffs, Central Laborers' Pension Fund, Central Laborers' Welfare Fund, Central Laborers' Annuity Fund, and Illinois Laborers' & Contractors Joint Apprenticeship Training Fund, and against defendant, B.O.N.E., LLC, in the sum of $4,381.00, minus applicable credits of $3,022.22, plus all other amounts determined to be due and owing to plaintiffs at the time judgment is entered, including without limitation fringe benefit contributions, dues, liquidated damages, interest, accounting costs, and attorneys' fees and

costs;

B.    That defendant is decreed to pay to the plaintiffs their reasonable attorneys' fees and costs;

C.    That defendant is decreed to pay all costs attendant to these proceedings; and

D.    That plaintiffs are awarded, at defendant's cost, such further and other relief as may be available under ERISA, the Collective Bargaining Agreement, the Participation Agreement, the Trust Agreements, or as is otherwise just and equitable.

## COUNT III
## Breach of Written Agreements

1-36.   Plaintiffs, Central Illinois Laborers-Employers Cooperation and Education Trust, Midwest Region Foundation For Fair Contracting, Central Illinois Builders Industry Advancement Fund, Southern and Central Illinois Laborers Vacation Fund, re-assert and re-allege paragraphs 1 through 36 of Count I as paragraphs 1 through 36 of Count III as if fully set forth herein.

37.    Defendant breached the terms of the Collective Bargaining Agreement and Participation Agreement by failing to timely pay fringe benefit contributions and other amounts to plaintiffs based upon the findings of the accounting.

38.    Defendant owes the plaintiffs contributions in the amount of $4,381.00, minus applicable credits of $3,022.22, for hours of work performed by its employees over the period of February 10, 2016 through December 31, 2016.

39.    Plaintiffs demanded that defendant pay plaintiffs the unpaid contributions owed, but defendant has refused to pay these contributions to the plaintiffs.

40.     Pursuant to applicable terms of the Trust Agreements, defendant owes interest on unpaid contributions and, additionally, liquidated damages equal to 10% of the unpaid contributions or twenty-five dollars, whichever is greater.

41.     Pursuant to applicable the terms of the Trust Agreements, defendant owes the audit costs incurred by the plaintiffs in performing the payroll audit.

42.     Pursuant to applicable terms of the Trust Agreements, the defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the plaintiffs in the collection of the unpaid contributions.

WHEREFORE, plaintiffs pray as follows:

A.     That judgment is entered in favor of plaintiffs, Central Laborers' Pension Fund, Central Laborers' Welfare Fund, Central Laborers' Annuity Fund, Illinois Laborers' & Contractors Joint Apprenticeship Training Fund, Central Illinois Laborers-Employers Cooperation Education Trust, Midwest Region Foundation For Fair Contracting, Central Illinois Laborers-Employers Cooperation Education Trust, Central Illinois Builders Industry Advancement Fund, Southern and Central Illinois Laborers' Vacation Fund, and against defendant, B.O.N.E., LLC, in the sum of $4,381.00, minus applicable credits of $3,022.22, plus all other amounts determined to be due and owing to plaintiffs at the time judgment is entered, including without limitation fringe benefit contributions, dues, liquidated damages, interest, accounting costs, and attorneys' fees and costs;

B.     That defendant is decreed to pay to the plaintiffs their reasonable attorneys' fees and costs;

C.     That defendant is decreed to pay all costs attendant to these proceedings; and

D.     That plaintiffs are awarded, at defendant's cost, such further and other relief as may be available under ERISA, the Collective Bargaining Agreement, the Participation Agreement, the

Page **13** of **15**

Trust Agreements, or as is otherwise just and equitable.

**COUNT IV**
**Breach of Written Agreements**

1-36.    Plaintiff, Laborers' Local 477, re-asserts and re-alleges paragraphs 1 through 36 of Count I as paragraphs 1 through 36 of Count III as if fully set forth herein.

37.    Defendant breached the terms of the Collective Bargaining Agreement and Participation Agreement by failing to timely pay fringe benefit contributions and other amounts to plaintiff.

38.    Defendant owes the plaintiff contributions in the amount of $4,381.00, minus applicable credits of $3,022.22, for hours of work performed by its employees over the period of February 10, 2016 through December 31, 2016.

39.    Defendant owes the plaintiff dues in the amount of $361.11 for hours of work performed by its employees over the period of February 10, 2016 through December 31, 2016.

40.    Defendant owes the plaintiff additional dues in the amount of $1,180.00 for hours of work performed and wages earned by its employees over the period of February 10, 2016 through December 31, 2016.

41.    Plaintiff demanded that defendant pay plaintiff the unpaid contributions and dues owed, but defendant has refused to pay these contributions and dues to the plaintiff.

WHEREFORE, plaintiffs pray as follows:

A.    That judgment is entered in favor of plaintiff, Laborers' Local Union No. 477, and against defendant, B.O.N.E., LLC, in the sum of $4,381.00, minus applicable credits of $3,022.22, plus dues in the total amount of $1,541.11, plus all other amounts determined to be due and owing to plaintiffs at the time judgment is entered, including without limitation fringe benefit

contributions, dues, and costs;

B.      That defendant is decreed to pay all costs attendant to these proceedings;

C.      That plaintiffs are awarded, at defendant's cost, such further and other relief as may

be available under ERISA, the Collective Bargaining Agreement, the Participation Agreement, the

Trust Agreements, or as is otherwise just and equitable.

                                CENTRAL LABORERS' PENSION FUND *et al.*
                                Plaintiffs,


                                By:____s/ John P. Leahy_____
                                       JOHN P. LEAHY
                                       CAVANAGH & O'HARA LLP
                                       Attorneys for Plaintiffs
                                       2319 W. Jefferson Street
                                       Springfield, IL 62702
                                       (217) 544-1771 – Telephone
                                       (217) 544-9894 – Facsimile
                                       johnleahy@cavanagh-ohara.com